999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerry C. NOEL, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-5211.
 United States Court of Appeals, Tenth Circuit.
 July 1, 1993.
 
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Jerry C. Noel appeals from an order affirming the decision of defendant Secretary of Health and Human Services denying plaintiff's application for supplemental security income benefits. Our jurisdiction arises under 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 Plaintiff injured his back on January 10, 1985, while moving a cast iron sink at work. A CT scan revealed the existence of disc disease. Surgery was performed in February 1986. However, plaintiff continued to complain of pain and did not return to work. Plaintiff's February 27, 1989, application for disability benefits was denied. An administrative law judge (ALJ) found that plaintiff was not disabled. This determination was affirmed by the Appeals Council and district court.
 
 
 4
 To qualify for disability benefits, a claimant must establish a severe physical or mental impairment that is expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The Secretary has established a five-part test for determining disability. 20 C.F.R. § 416.920. The findings as to the first four steps--that plaintiff has not worked since January 10, 1985, that he has a severe impairment, that he does not have a listed impairment, and that he could not perform his past relevant work--are not at issue.
 
 
 5
 At step five, the burden shifts to the Secretary to establish that the claimant can do other work, considering his residual functional capacity (RFC), age, education, and past work experience. Ragland v. Shalala, 992 F.2d 1056, 1057 (10th Cir.1993); 20 C.F.R. § 416.920(f). The ALJ found that plaintiff had an RFC for a full range of medium work, and relied on the medical-vocational guidelines (grids), 20 C.F.R., Pt. 404, Subpt. P, App. 2, to find that a significant number of jobs exist that plaintiff could perform, thereby compelling a finding plaintiff is not disabled.
 
 
 6
 We uphold the Secretary's findings if supported by substantial evidence. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). Substantial evidence, however, requires " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 7
 At step five, the Secretary can meet her burden of showing the claimant retains the capacity to perform other work that exists in the national economy by relying on the grids. Channel v. Heckler, 747 F.2d 577, 579 (10th Cir.1984). However, she cannot rely on the grids conclusively unless the claimant can perform the full range of work at an RFC level on a daily basis and possesses the physical ability to perform most of the jobs in that range. Id. at 579-80. Reliance on the grids is inappropriate if nonexertional impairments further limit the range of jobs available to the claimant. Id. at 582 n. 6. Absent evidence that plaintiff, despite his impairments, could perform the full range of medium work and qualified for most of the jobs in that RFC category, the Secretary was required to produce expert vocational testimony or other evidence to establish the existence of significant work that plaintiff can perform. See Hargis, 945 F.2d at 1490, 1491.
 
 
 8
 The ALJ rejected plaintiff's claim that he is disabled by pain. We conclude that the ALJ erred in considering plaintiff's failure to take any pain medication or seek treatment since August 1987 without considering whether further treatment would benefit plaintiff or restore his ability to work. Ragland, 992 F.2d at 1060. Indeed, the only evidence on the issue is Dr. Frederick Ferguson's opinion that plaintiff remained unimproved despite pain medication. Further, because the record discloses significant limitations on plaintiff's daily activities, those activities do not furnish substantial evidence of nondisability. Id.
 
 
 9
 However, the ALJ properly relied on the fact that plaintiff's neurosurgeon, Dr. Young Yu, stated in 1987 that plaintiff did not need further work-ups or surgery and was a candidate for vocational rehabilitation. This evidence supports an inference that plaintiff does not suffer from completely disabling pain. Hargis, 945 F.2d at 1489. The ALJ also properly relied on the lack of evidence of atrophy in plaintiff's left leg to discount his assertion that he could not use that leg due to pain.
 
 
 10
 Plaintiff contends, however, that the ALJ erred in failing to follow the opinions of his treating physicians, Dr. John Marino and Dr. Ferguson, that he was disabled. The ALJ discounted Dr. Marino's opinion because it was not supported by any objective medical findings or laboratory data. The ALJ also discounted Dr. Ferguson's opinion that plaintiff was unimproved because there was no evidence Dr. Ferguson had seen plaintiff previously, and because his opinion conflicted with Dr. Yu's opinion that plaintiff had improved. An ALJ may reject a treating physician's opinion if specific, legitimate reasons are given. Talbot v. Heckler, 814 F.2d 1456, 1464 (10th Cir.1987). A legitimate reason for rejecting a treating physician's opinion is that it is brief and without foundation. Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir.1988). We conclude the ALJ gave specific, legitimate reasons for rejecting the treating physicians' opinions. Consequently, substantial evidence supports the ALJ's finding that plaintiff is not disabled solely by virtue of his pain.
 
 
 11
 This conclusion does not end our review, however. The Secretary must demonstrate that plaintiff retains the exertional and nonexertional capacity to perform a significant number of jobs in the national economy, despite the pain he suffers and the type and degree of limitations that restrict his occupational opportunities. Ragland, 992 F.2d at 1060.
 
 
 12
 The ALJ found plaintiff had no nonexertional impairments. However, "[p]ain, even if not disabling, is still a nonexertional impairment to be taken into consideration, unless there is substantial evidence for the ALJ to find that the claimant's pain is insignificant." Thompson v. Sullivan, 987 F.2d 1482, 1490-91 (10th Cir.1993).[1] The ALJ recognized that pain would limit plaintiff's ability to frequently lift and carry more than twenty-five pounds, and occasionally lift and carry more than fifty pounds. He therefore did not find plaintiff's pain insignificant. In any event, substantial evidence would not support a finding that plaintiff's pain is insignificant. All of the physicians who examined plaintiff noted that he had some pain. Plaintiff's nonexertional pain should have been considered.
 
 
 13
 Plaintiff contends substantial evidence does not support the ALJ's finding that he retains the residual functional capacity to perform the full range of medium work on a sustained basis. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c). Social Security Ruling 83-10 further defines medium work as requiring considerable lifting, frequent bending-stooping, and standing or walking off or on for approximately six hours a day. SSR 83-10 (West's Soc.Sec.Rptg.Serv.) at 30 (1992).
 
 
 14
 Contrary to the requirements at step five, the ALJ placed the burden on plaintiff to prove that his impairment significantly affected his ability to engage in a full range of work at the medium work level. Further, the ALJ improperly found that plaintiff had an RFC for a full range of medium work based on the absence of evidence to the contrary. The Secretary cannot meet her burden of proving that a claimant can perform work at a particular RFC level by relying on the absence of contraindication in medical records. Thompson, 987 F.2d at 1491. Finally, the ALJ's impression that plaintiff exaggerated his symptoms is not substantial evidence, by itself, to support the finding that plaintiff can perform work at the medium work level. See Talbot, 814 F.2d at 1464. The Secretary presented no evidence that plaintiff has the capacity to perform the full range of medium work.
 
 
 15
 While plaintiff was given a consultative examination, the consulting physician expressed no opinion as to plaintiff's RFC. We therefore conclude the case should be remanded for a supplemental hearing at which testimony by a vocational expert may be presented on the impact of plaintiff's pain on his ability to work within the RFC. See Thompson, 987 F.2d at 1493.
 
 
 16
 The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED and the cause is REMANDED with directions to REMAND to the Social Security Administration for further proceedings consistent with this order and judgment.
 
 
 
 *
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Pain can be an exertional or a nonexertional impairment. It is nonexertional if it is present whether or not the claimant is exerting him or herself in activities relating to an RFC range's strength requirements. Huston v. Bowen, 838 F.2d 1125, 1131 (10th Cir.1988). Within this framework, pain experienced while walking, standing, and lifting is exertional, and pain experienced while sitting is nonexertional. Id. Plaintiff claimed he was in constant pain and that pain limited his ability to lift, sit, and stand